HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
1414 Fair Oaks Ave., Unit 2B
South Pasadena, CA 91030
TEL (626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
LISA SWAIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA SWAIN, an individual on behalf of herself and others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDERS GROUP, LLC; and DOES 1 to 10 inclusive,<br><br>　　　　　　　　　　Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)**<br>2. **Unfair Business Practices (Cal. Business & Professions Code § 17200,** *et seq.***)**<br>3. **Waiting Time Penalties (Cal. Labor Code § 203)**<br>4. **Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201,** *et seq.***)**<br><br>**AND DEMAND FOR JURY TRIAL** |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

Plaintiff LISA SWAIN ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action and nationwide FLSA collective action against ANDERS GROUP, LLC ("ANDERS") for (1) failing to include the value of per diem payments in the regular rate of pay when calculating overtime and (2) failing to pay all wages owing at time of discharge.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different states.

3. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

4. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Anders transacts business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff is a citizen of California who from October 2020 to February 2021 was employed as a non-exempt hourly employee of Anders in Fresno, California.

7. Defendant Anders is a Texas company that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

2

8. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

9. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

10. Defendants Anders and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. Defendants employ numerous non-exempt hourly health care professionals, including nurses, therapists and technicians, on travel assignments at health care providers throughout the United States (hereafter "Travelers").

12. Travelers sign assignment contracts with Defendants that require them to work a minimum number of hours per week.

13. As part of Travelers' compensation, in addition to an hourly wage, Defendants provide weekly per diem pay, labeled as meal and lodging per diems.

14. The Travelers' per diem pay is earned each week based on, and in proportion to, satisfaction of the weekly hours requirements.

15. If Travelers fail to satisfy their required weekly hours, the weekly per diem will be prorated based on the hours worked.

16. The weekly per diem pay is thus not based upon the actual housing and meal and

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

incidental expenses incurred but instead is based upon, and varies with, the number of weekly hours actually worked by Travelers.

17. Notwithstanding that the amount of the weekly per diem pay is based on hours worked, Anders does not include the value of this remuneration in Travelers' regular rates of pay for purposes of calculating overtime wages.

18. Plaintiff's employment with Anders was governed by an assignment contract that required her to work a specific number of hours each week and provided for weekly meal and lodging per diems that were subject to being prorated for any hours missed.

19. During Plaintiff's employment with Defendants, she worked in excess of 8 hours per day and 40 hours per week.

20. Defendants did not include the value of Plaintiff's weekly per diem pay in her regular rate of pay when calculating overtime.

## REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION

21. Plaintiff brings the FLSA claim on behalf of herself and all non-exempt hourly employees employed by Anders in the United States who, at any time within the past three years, worked one or more workweeks in which they were paid overtime and received per diem pay (hereafter "FLSA Collective").

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings the California state law claims on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a California class composed of the following:

> All non-exempt hourly employees employed by Anders in California who, at any time from February 17, 2017 through the date of class certification, worked one or more workweeks in which they were paid overtime and received per diem pay (hereafter "California Class").

23. Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

4

24.	This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

### A.	Numerosity

25.	The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

### B.	Commonality

26.	There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether Defendants were required to include the value of the per diem pay in Travelers' regular rates of pay.

### C.	Typicality

27.	The class claims of the proposed class representative are typical of the claims of each class member.

28.	As with other members of the California Class, Defendants failed to include the value of Plaintiff's per diem pay in Plaintiff's regular rate of pay when calculating overtime and/or double time.

### D.	Adequacy of Representation

29.	Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

### E.	Superiority of Class Action

30.	A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to

recover by reason of Defendants' illegal common policies.

31.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

### CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

### (LABOR CODE §§ 510, 1194)

32.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33.   Labor Code section 510 requires an employer to provide premium overtime and/or double time pay for work in excess of 8 hours per day and 40 hours per week.

34.   Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest, reasonable attorneys' fees, and costs of suit.

35.   As a result of Defendants' failure to include the value of all remuneration in employees' regular rates of pay, Plaintiff and other members of the California Class were not paid the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week.

36.   Plaintiff seeks to recover, on behalf of herself and other California Class members, payment of the overtime and/or double time owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

### CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

### (BUSINESS & PROFESSIONS CODE § 17200, *et seq.*)

37.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

38. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

39. Defendants' failure to pay Plaintiff and other class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code section 510.

40. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other California Class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

41. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

42. Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other California Class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

### (LABOR CODE §§ 201, 203)

43. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44. Labor Code section 201 requires an employer to immediately pay all wages owing to an employee at the time of discharge.

45. In violation of Labor Code section 201, Defendants discharged Plaintiff and other members of the California Class without paying them the overtime and/or double time owing.

46. Defendants' failure to pay Plaintiff and other California Class members the overtime and/or double time owing at the time of discharge, as alleged above, was willful, as Defendants intentionally failed to include all remuneration in their regular rates of pay.

47. Pursuant to Labor Code section 203, Plaintiff and other California Class members are entitled to waiting time penalties in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

## (29 U.S.C. §§ 207, 216)

48. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49. At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, and grossed more than $500,000 in each of the last three calendar years.

50. At all relevant times, Defendants employed non-exempt hourly health care professionals, including Plaintiff and the FLSA Collective.

51. Attached hereto, as Exhibit 1, is the consent to sue form signed by Plaintiff in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other FLSA Collective members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

52. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

53. As alleged above, in violation 29 U.S.C. § 207, Defendants did not include the value of all remuneration in the regular rate of pay for purposes of calculating overtime when Plaintiff and other FLSA Collective members worked in excess of forty hours in a workweek.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

8

55. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1. That this case be certified as a class action with respect to the California state law claims;

2. That Plaintiff be appointed as the representative of the California Class; and

3. That counsel for Plaintiff be appointed as class counsel.

### Collective Action Certification

4. That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Collective providing them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b).

### First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other California Class members the correct overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week;

6. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid wages owing commencing from the date such amounts were due;

8. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiff and other California Class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

11. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

12. For attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13. For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

14. That the Court declare, adjudge and decree that Defendants violated Labor Code section 201 by willfully failing to pay Plaintiff and other California Class members all wages owing at the time of discharge;

15. For statutory waiting time penalties pursuant to Labor Code section 203 for Plaintiff and other California Class members; and

16. For such other and further relief as the Court may deem equitable and appropriate.

**Fourth Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and other members of the FLSA Collective the correct overtime rates for all hours worked in excess of 40 hours per week;

18. For unpaid overtime compensation wages;

19. For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

20. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

21. For such other and further relief as the Court may deem equitable and appropriate.

///

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

10

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: February 16, 2021                     **HAYES PAWLENKO LLP**

By: /s/Matthew B. Hayes
    Matthew B. Hayes
    Attorneys for Plaintiff

# EXHIBIT 1

**CONSENT TO SUE UNDER THE FLSA**

I, Lisa Swain, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Anders Group, LLC and other associated parties.

I authorize Hayes Pawlenko LLP, and any associated attorneys as well as any successors or assigns to represent me in such action.

<u>/s/Lisa Swain</u>
Lisa Swain